United States District Court
Middle District of Pennsylvania


Malik Derrick Loper
Plaintiff,

FILED
SCRANTON

AUG 1 9 2020

PER _____
DEPUTY CLERK

— against —

Z.W. Boone, Z. Miller, C. Fisher,
John Doe, John Doe, T. Walter,
sued in their individual capacities,
and J. Weaver, sued in his individual
and official capacities.
Defendants.

                    Jury Trial Demanded


Preliminary Statement:
This is a civil rights action filed by
Malik Derrick Loper, a state prisoner, for
damages and injunctive relief under 42
U.S.C § 1983, alleging cruel and unusual
punishment in violations of the Eighth
Amendment to the United States Con-
stitution and confinement in segregation
in violations of the Due Process Clause
of the Fourteenth Amendment to the Con-
stitution.

Jurisdiction:

1.) The court has jurisdiction under 28 U.S.C section 1331 and 1343(a)(3).

2.) The court has supplemental jurisdiction over the plaintiff's claim for injunctive relief under 28 U.S.C section 2283 and 2284, and rule 65 of the Federal Rules of Civil Procedure.

3.) The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C section 1391(b)(2) because it is where the events giving rise to this claim occurred.


Parties:

1.) The plaintiff, Malik Derrick Loper, is incarcerated at State Correctional Institution Rockview (S.C.I-Rockview) during the events described in this complaint.

2.) Defendants Z.W. Boone, Z. Miller, C. Fisher, John Doe, and John Doe are correctional officers employed at S.C.I -Rockview. They are sued in their individual capacities.

3.) Defendants John Doe and John Doe are both correctional officers employed at S.C.I-Rockview whose names are not

"fully" known to the plaintiff. The last names of both defendants are only known as a "Bowers" and a "McCord". They are sued in their individual capacities.

4.) Defendant J. Weaver is the Food Services Manager at S.C.I - Rockview and is in charge of supervising the services and actions of all workers who work inside the institution's Food Department and who also deals with issues and complaints concerning dietary staff or food. He is sued in his individual and official capacities.

5.) Defendant T. Walter is the Hearing Examiner Coordinator at S.C.I - Rockview and is responsible for conducting disciplinary hearings for prisoners accused of breaking prison rules. She is sued in her individual capacity.

6.) All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

Facts:

1.) On July 16Th 2019 at approximately 9 o'clock p.m. the plaintiff Malik Derrick

Loper, was moved from D-building Restricted Housing Unit to G-building which is a level 5 maximum security Restricted Housing Unit for allegedly throwing urine on a officer inside of D-building's restricted housing Unit.

2.) July 17th 2019 at approximately 6 am the plaintiff was awaken out of his sleep by an apparent "Loud" banging at his cell door which was at 27 cell on G-building's, C-pod.

3.) The plaintiff than got out of his bed startled and frightened to see what was going on that's when he noticed the defendant Z.W. Boone at his cell door banging and kicking on a "plexie glass" type shield that was at the time covering his cell door.

4.) Defendant Z.W. Boone also while at the plaintiff's door also called him a "Nigger" and made a derogatory statement "you're a coward, you little punk nigger".

5.) Plaintiff than tried to ask the defendant Boone, "why are you doing and at my door screaming and banging when I did not do anything?", but was cut off by defendant Boone who than stated "Because you like to assault

staff you little nigger" and "We got things for punk little cowards like you".

6.) At breakfast tray passout defendants Boone and John Doe (aka "McCord") were passing out trays and completely walked pass the plaintiff's cell. Defendant Boone also stated "You're a piece of shit, you're not eating for a week".

7.) While conducting security rounds the defendants Boone and John Doe (aka "Bowers") would bang or kick the shield covering the plaintiff's door to scare and or to awaken him out of his sleep during some of their rounds.

8.) Defendants Boone and John Doe (aka McCord) during lunch tray passout walked pass the plaintiff's cell and did not feed him.

9.) July 18th 2019 at approximately 6:15am during breakfast tray passout defendants Boone and John Doe (aka McCord) walked pass the plaintiff's cell without feeding him. The defendant Boone also stated "Fuck you Nigger" while the plaintiff begged defendants Boone and John Doe (aka McCord) for his food tray as the defendants walked pass his cell.

10.) Defendants Boone, John Doe (aka McCord) and C. Fisher again at lunch tray

passout walked pass the plaintiff's cell without feeding him. Plaintiff again sat at his cell door begging the defendants to feed him but was ignored.

11.) July 19th 2019 at approximately 6:15 am defendants Boone, Miller, and John Doe (aka McCord), during breakfast tray passout walked pass the plaintiff's cell door without feeding him.

12.) Defendants Boone, Miller, and John Doe (aka McCord) at lunch tray passout while at the plaintiff's cell door the defendant Miller sarcastically asked the other two defendants Boone and John Doe, "Are we feeding this piece of sh#t?", which defendant Boone replied "No" and all three defendants just simply walked pass the plaintiffs door without feeding him.

13.) July 20th 2019 at approximately 6:15 am during breakfast tray passout the defendants Z. Miller ~~another pass~~ and John Doe (aka McCord) walked pass the plaintiff's cell without feeding him while defendant C. Fisher pushed the food tray cart.

14.) Defendants Miller, Fisher, and John Doe at lunch tray passout again did not stop at the plaintiff's cell door

to feed him. Instead, the defendant John Doe asked the plaintiff to step to the back of his cell so he could open the slot ~~door~~ compartment on the plaintiff's door to feed him, but while the plaintiff walked to the back of his cell to be fed the defendants Miller, Fisher, and John Doe all walked away from the plaintiff's cell door without feeding him.

15.) The plaintiff also recieved his cell property as far his sheets to his bed toilet paper and his soap, towel, ~~rag~~ rag, toothbrush and toothpaste, and shower slippers ~~~~ at around approximately 7:45 pm by a guard name C/o Cram.

16.) July 21st 2019 at approximately 6 am defendants Z. Miller, and John Doe (aka McCord) while passing breakfast trays and at the plaintiff's cell door defendant Miller ordered the plaintiff to go to the back of his cell which the plaintiff did follow, but again while walking to the back of his cell the defendants walked away from the plaintiff's cell without feeding him.

17.) Defendants Miller and Fisher and John Doe (aka McCord) again at lunch time while passing trays out walked

pass the plaintiff's cell without feed-
ing him.

18.) July 22nd 2019 at approximately 6am
during breakfast trays being passed
out the defendants Boone and Miller
walked pass the plaintiff's cell door
without feeding him his tray.

19.) At approximately 9:30 am one of S.C.I
Rockview's security staff by the name
and rank, Leutenant Lazier came to
the plaintiff's cell and asked the plain-
tiff "Would you like to speak to me?"
which the plaintiff responded "Yes".

20.) After pulling the plaintiff out of his
cell to speak to him one on one inside
a mini-conference room the Leutenant
Lazier informed the plaintiff that he
was conducting the meeting due to a
phone call by the plaintiff's mother
who called the institution on July 20Th
2019 to report that another inmate at
S.C.I-Rockview reached out to her
saying that guards at S.C.I-Rockview
were abusing the plaintiff, who is her
son.

21.) Leutenant Lazier also informed the
plaintiff that he was being interviewed
to report an abuse claim and that what
he was doing was all proper procedures

22.) Plaintiff Loper than reported to the security Leutenant Lazier that he was not being fed meals on 6-2 shift and called racist and derogatory names by all the defendants mentioned in this complaint.

23.) Leutenant Lazier than told the plaintiff, "through my experiences of doing these abuse claim investigations that what you are reporting to me the office of Special Investigations and Intelligence (OSII) won't consider your claims acts of abuse by the staff members, but you're still free to write a statement". Which the plaintiff did write and gave it to Leutenant Lazier.

24.) While returning to his cell the plaintiff ~~was~~ at approximately 10:25 am was at ~~that~~ that time approached by defendant Boone who than said to the plaintiff, "Won't nobody believe you you're a piece of shit criminal and the guy you've just snitched to (referring to Leutenant Lazier), he's on my side and I'm still not feeding you your tray".

25.) Plaintiff was than put back in his cell and right afterwards lunch trays were handed out by defendant Boone

who than walked pass the plaintiff's cell without feeding him.

26.) That night on 2-10 shift the plaintiff was than given all of his personal property again which consisted of his books, paper, writing utensils, court paperwork etc.

27.) Plaintiff than wrote a grievance about the events that took place and at the time most of the defendants names were unknown completely to the plaintiff.

28.) August 14th at approximately 11:45 am plaintiff did refuse a cell mate and did receive a misconduct for it written by defendant C. Fisher and was witnessed by defendant Z. Miller who also was present.

29.) August 15th 2019 at approximately 10:15 am in retaliation for denying a "cellie" on the previous day defendant Z.W. Boone made up and wrote a false claim on a misconduct report that states that the plaintiff "refused to be handcuffed" which is false and video footage from the date and time above and on the actual misconduct itself #299277 will support the plaintiff's claim. Defendant Boone at no time approached the plaintiff's cell to ask him to cuff up at all.

30.) At approximately 10:30 am at lunch trays passout time while giving trays out defendant John Doe (aka McCord) did not give the plaintiff a tray.

31.) Defendant John Doe (aka McCord) than explained to the plaintiff that dietary didn't send a diet tray for him but the staff ordered a diet tray and the kitchen is making it now.

32.) The plaintiff never recieved his food tray in retaliation for denying a "cellie" the previous day and for writing a grievance on staff the month before.

33.) On information and belief, when a prisoner files a grievance, the grievance staff calls the matter to the attention of those individuals responsible for the matter that the grievance concerns.

34.) August 16th 2019 at approximately 6:26 am, in retaliation defendant John Doe (aka McCord) made false claims on a mis-conduct report claiming that the plaintiff threatened to harm him and called him racial or prejudice terms in retaliation again for the plaintiff's grievance a month prior.

35.) Video evidence will show that the defend-ants John Doe (aka McCord) and Boone never even attempted to stop at the

plaintiff's cell or open his slot for any of the alleged things to have taken place.

36.) Defendants Doe (aka McCord) and Boone at 6:28 am while handing breakfast trays out walked pass the plaintiff's cell without feeding him, which is actually why the false misconduct(s) were taking place against the plaintiff to cover up the defendants Boone, Miller, Fisher, Doe (aka McCord), and Doe (aka Bowers) tracks as an "excuse" to violate the plaintiff's Constitutional and Civil Rights.

37.) Upon observation and belief G-building's "C pod" is equipped with "atleast" three high tech video camera's that should be working at all times and should and would have recorded "everything" that has taken place explained in this complaint from July 17th up until August 16th of the year 2019 on G-building's C-Pod.

38.) Plaintiff than filed a second grievance in less than a full month about some of the same issues as the one filed a month prior involving almost all of the same staff members, defendants Boone, Miller, Fisher, and Doe (aka McCord) who all did and continued to retaliate against the plaintiff for months.

39.) ~~Plaintiff~~ Plaintiff also has two written affidavits by two inmates who either witnessed the acts done by defendants Boone, Miller, Fisher, Doe (aka McCord), and Doe (aka Bowers) against the plaintiff or and has witnessed and been subjected to some of the same violations. The names of the witnesses ~~are~~ and state I.D. numbers are, Allen Branthafer #EZ 8140 who is a eyewitness and a Rasaun Harris #NR 0510 who witnessed and treated the same way by staff.

40.) Upon information and belief defendants Boone, Miller, Fisher, Doe (aka McCord), and Doe (aka Bowers) are known to engage in retaliatory actions, sexual harrassments excessive force, and using intimidating tactics as well as writing false misconduct reports to keep inmates from going forward with grievances, abuse claims, PREA claims, misconduct, and grievance appeals which they have destroyed" if or when found in cells of other inmates including the plaintiff.

41.) Defendant Boone also destroyed the final appeal to a grievance about the events that took place from July 17th 2019 until July 23rd 2019 which is inside this complaint due to the defendant's actions the plaintiff's

grievance concerning those events was rejected due to being delayed not by the actions of the plaintiff, Central Office in Mechanicsburg "time barred" the grievance.

Denial of Due Process

42.) On August 21st 2019 the plaintiff was given a misconduct hearing before the defendant T. Walter.

43.) The disciplinary hearing was continued due to the plaintiff requesting that video footage be reviewed on the days of August 15th and August 16th 2019 in support of his written versions and Not Guilty pleading.

44.) Defendant Walter than continued the hearings on the morning of September 4th 2019.

45.) The defendant Walter than falsely claimed, due to a cover up for the defendant Boone, she stated that "No video evidence was available" for the alleged events that took place on the morning of August 15th 2019 and the plaintiff was than found guilty based "only" off of "staff statement", and sentenced the plaintiff to 30 days disciplinary custody.

46.) Defendant held another disciplinary

hearing concerning the false misconduct report written on August 16th 2019 by defendant John Doe (aka McCord).

47.) Defendant Walter again in her attempt to cover up for the defendant Doe's violations of the plaintiff's rights, defendant Walter falsely claimed that there was "No video evidence of this incident available" of the alleged events that took place on August 16th 2019.

48.) Plaintiff was again "wrongfully" found guilty based solely on staff statement, and given a total of 120 days of disciplinary custody time for three charges.

49.) Plaintiff was and still is being retaliated against for grievances, appeals for grievances and misconducts and law suits.

50.) Defendants Boone, Miller, Fisher, and Doe (aka McCord) retaliated against plaintiff for months from July 17th until around December 15th 2019 when defendants Boone, Miller, ~~Fisher~~ John Doe (aka McCord), and John Doe (aka Bowers) who wasn't a regular everyday staff on G-Building, all left the building permanently. Defendant Fisher still remains on the Block.

51.) Plaintiff is now being denied law library, medical care, grievances, and appeals and when the plaintiff files any grievance or

appeal with "very strong" merit they are
delayed purposely to get time barred at a
certain level of the appeal stage or and
have been completely destroyed at S.C.I
RockView in retaliation against the plain-
tiff for the last 12 months inside the
Institutions Restricted Housing Unit.

## Cruel and Unusual Punishment

52.) Since August 17th 2019 and currently
still going on the plaintiff has been
having on going problems with his food
from dietary at S.C.I-RockView, diet
Trays as well.

53.) Defendant J. Weaver has recieved
multiple request slips from the plaintiff
concerning his diet (Lactose) trays and
explaining that his food is being served
cold and others about "very small" food
portions on his trays in particular.

54.) Defendant Weaver in retaliation with
the G-Building staff and for the plaintiff
's multiple complaints to the kitchen the
defendant Weaver would not have the
problems fixed and in fact would make
the problems worst.

55.) Most recently the plaintiff has filed a
grievance against the defendant Weaver
about his diet * trays which the plaintiff

did exhaust fully and filed a second
grievance on the defendant Weaver on
June 18th 2020 concerning the plaintiff's
tray portions which the second grievance
is currently going through the grievance
procedure.

56.) Defendant Weaver is still retaliating
against the plaintiff for the grievances
past and present.

57.) Upon information and belief, per PA's
Department of Corrections Inmate Hand-
book, "Food Services" section (DC-ADM
610) policy states that "Three meals will
be offered during each 24-hour period,
two of the three meals will be "Hot meals".

58.) Number two, states "The Department will
"Not" use food as a "disciplinary measure."
Number four, states "All meals will be
served to you in portioned sizes".

59.) In the plaintiff's case the defendants
Weaver, Boone, Miller, Fisher, John Doe
(aka McCord), and John Doe (aka Bowers),
not only violated the plaintiff's con-
stitutional rights but also disregarded
and violated their own D.O.C policy.

Medical:
60.) Plaintiff for four months put in "atleast
"10" sick calls to the medical staff from

the end of February 2020 up until June 11th 2020 about many symptoms involving nausea, dizziness, "severe" hunger pains, dehydration, lack of energy, muscle tightness, severe nervousness, digestion problems, and irregular and rapid heartbeats to name a few.

61.) All request for a test for the symptoms the plaintiff was experiencing were denied and medical staff stated through the four month span that "everything" was O.K.

62.) On June 11th 2020 medical staff at S.C.I -Rockview finally took blood samples from the plaintiff after the plaintiff was feeling "light headed" for two nights and was ignored when asking G-Building staff for medical attention and he told staff he felt suicidal.

63.) While under suicide supervision on the day of June 16th 2020 nursing staff had informed the plaintiff that his vitamins in his blood were "severely" low and a nurse Taylor asked the plaintiff was he eating any food and the plaintiff replied "yes", but very small amounts for about 12 months now". The nurse than said she is putting the plaintiff on a multi-vitamin due to "vitamin deficiency".

64.) Plaintiff filed a grievance on the

medical staff ▪▪in the month of April
of 2020 and is in the final appeal stage
of that grievance, it was filed for denial
of being tested and violation of ▪▪▪ privacy
rights by a Physician's Assistant for asking
the plaintiff personal questions in ear shot of
atleast 5 other inmates. And months of
stating to the plaintiff "nothing is wrong."

65.) In the past 11 months the plaintiff who
was 150 pounds in July of 2019 has
lost 20 pounds and is now 130 pounds.


Exhaustion of Remedies:

66.) Plaintiff Loper used the Inmate's
Grievance procedures at S.C.I-Rockview
on July 25th 2019 but due to retaliation
by defendants Boone, Miller, Doe (aka McCord)
, Fisher, and Doe (aka Bowers) when grievance
was appealed up to the final stage it was
destroyed with other paperwork and delayed
, plaintiff still recieve new copies and tried
to exhaust grievance # 814804 but was
"time barred" because of retaliation by the
defendants named.

67.) Plaintiff fully exhausted his remedies
concerning issues ▪and events from
August 14th 2019 until August 17th 2019
grievance # 820700 which each stage was
denied on November 26th 2019 with grievance

#814804.

68.) Plaintiff filed a grievance concerning his food and exhausted all remedies and the final appeal response was upheld in part and denied in part. Grievance #851737

69.) Plaintiff filed a second grievance on the defendant Weaver on June 18th 2020 and is still going through the stages.

Claims for Relief:

70.) The actions of defendants Boone, Miller, Fisher, John Doe (aka "McCord"), Weaver, and John Doe (aka "Bowers") in denying the plaintiff multiple meals, and using racial terms and retaliated against him were done maliciously and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

71.) The actions of defendant Weaver in not feeding the plaintiff portion size and or his Lactose diet and continues to, is and was being done maliciously and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution

72.) The actions of defendant Walter in lying about video footage not being available to help other staff cover up their violation of the plaintiff's rights denying the plaintiff his witness evidence and finding him guilty on two

seperate misconducts for a total of four charges and a total of 150 days of disciplinary custody denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

73.) The actions of defendants Boone, Miller, John Doe (aka "McCord"), and John Doe (aka "Bowers") in destruction of the plaintiff's cell during improper cell searches destroying the plaintiff's legal documents, grievances, appeals for grievances and misconducts in attemps to stop law suits and to get grievances and appeals time barred which in some cases were successful in doing so the defendants actions constituted deliberate indifferences as well as denial of the plaintiff's due process of law in violation of the Fourteenth Amendment to the United States Constitution.

Relief Requested
WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1.) The physical and verbal abuse of the plaintiff, as well as mental abuse, by defendants Boone, Miller, Fisher, Doe (aka "McCord"), and Doe (aka "Bowers") violated the plaintiff's

rights under the Eighth Amendment to the United States Constitution. ~~crossed out~~

2.) Defendants Walter's actions in conducting the plaintiff's disciplinary hearing violated the plaintiff's rights under Due Process Clause of the Fourteenth Amendment to the United States Constitution.

3.) Defendants Boone, Miller, Fisher, Doe (aka "McCord"), and Doe (aka "Bowers") actions in destroying grievances, legal work, law suit paperwork, grievance and misconduct appeals violated the plaintiff's First Amendment and violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

4.) Defendant Weaver's failure to take action in making sure the plaintiff is and or was properly fed the right amount of food and diet, which still continues to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering the defendant Weaver or his agents to:

1) Immediately advise dietary workers to feed the plaintiff his proper portions of food and his proper diet trays.

C. Issue an injunction ordering the

defendant Walter or her agents to:

1.) Expunge the desciplinary convictions described in this complaint from the plaintiff's institutional record.

D. Award compensatory damages jointly and severally against:

1.) Defendants Boone, Miller, Fisher, Doe (aka "McCord"), and Doe (aka "Bowers") for the physical and emotional injuries sustained as a result of the plaintiff's ~~being~~ being denied food and verbally victimized with racial and also derogatory comments.

2.) Defendant Weaver for the denial to fix the plaintiff's issues in the past and present for over a full year of being under fed "severely" and not serving the diet authorized by medical which has caused health concerns and problems for the plaintiff, as well as physical and emotional injuries.

3.) Defendant Walter for the punishment and emotional injury resulting from her denial of due process in connection with the plaintiff's disciplinary proceeding.

E. Award punitive damages against defendants Boone, Miller, Fisher, Doe (aka

"McCord"), Doe (aka "Bowers"), Weaver, and Walter

[Date] July 6th 2020

Respectfully submitted,

Malph Derrick Loper
State I.D. number: NQ5040
S.C.I-Rockview
1. Rockview Place.
Box A
Belleforte, Pa 16823

MALIK LOPER #NQ5040
S.C.I - RockView
1 RockView Place.
Box - A
Bellefonte, Pa 16823

Office of The Clerk
William J. Nealon Federal Bldg
235 North Washington
P.O. Box 1148

RECEIVED
SCRANTON
AUG 19 2020
PER _____ DEPUTY CLERK