## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK DERRICK LOPER,** | : | |
| **Plaintiff** | : | **No.  3:20-CV-1482** |
| | : | |
| **v.** | : | |
| | : | **Judge Mannion** |
| **Z.W. BOONE, Z. MILLER, C.** | : | **Electronically Filed Document** |
| **FISHER, JOHN DOE, JOHN DOE** | : | |
| *and* **T. WALTER,** | : | *Complaint Filed 08/21/20* |
| **Defendants** | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through their attorney, Deputy Attorney General Allison Deibert, hereby file this Answer and Affirmative Defenses in response to Plaintiff's Complaint.  In order to fully answer the Complaint, Defendants respond to each heading within the Complaint and have clearly marked responses below.

### PRELIMINARY STATEMENT

This paragraph is a conclusion of law to which no response is required. To the extent a response is required, any factual averments are DENIED.

### I.   JURISDICTION

1.    This paragraph is a conclusion of law to which no response is required.

2.    This paragraph is a conclusion of law to which no response is required.

3.      This paragraph is a conclusion of law to which no response is required.

## II.   **PARTIES**

1.      ADMITTED.

2.      ADMITTED in part; DENIED in part.  It is ADMITTED that Z.W. Boone (Zachary Boone), Z. Miller (Zachary Miller), and C. Fisher (Chad Fisher) are Defendants and were correctional officers employed at SCI Rockview during the time period in question. The remainder of the paragraph is DENIED. By way of further response, the undersigned does not represent the John Doe Defendants and therefore, no response to averments related to them is required. To the extent a response is required, any factual averments are DENIED.

3.      This paragraph concerns parties who are not represented by the undersigned and therefore, no response is required. To the extent a response is required, any factual averments are DENIED.

4.      This paragraph concerns an individual who is not a party to this litigation and who is not represented by the undersigned. Therefore, no response is required. To the extent a response is required, any factual averments are DENIED.

5.      ADMITTED.

6.     This paragraph is a conclusion of law to which no response is required.  To the extent a response is required, any factual averments are DENIED.

## III.   **FACTS**

1.     ADMITTED in part; DENIED in part.  It is ADMITTED that prison staff moved Plaintiff from the D-building of the Restricted Housing Unit (RHU) to the G-building of the RHU after Plaintiff threw urine onto a prison official, who was walking by Plaintiff's cell completing a security check of the Unit. It is DENIED that these events took place at approximately 9:00 p.m. By way of further response, these events took place at approximately 8:20p.m.

2.     ADMITTED in part; DENIED in part.  It is ADMITTED that Plaintiff was housed in a cell on the C-pod within the G-building of the RHU. The remainder of the paragraph is DENIED.

3.     DENIED. Defendants are without sufficient knowledge to ascertain the veracity of this averment and therefore it is DENIED.

4.     DENIED.

5.     DENIED.

6.     DENIED as stated. Defendants are without sufficient documentation that Boone delivered breakfast to inmates on July 17, 2019 and therefore, this is DENIED. By way of further response, Plaintiff verbally refused breakfast on July

17, 2019. Further, any references to John Doe (McCord) are DENIED, as this individual is not represented by the undersigned.

7.      DENIED. Defendants are without sufficient documentation that Boone participated in the security round referenced by Plaintiff; therefore, this is DENIED. Further, any factual references to John Doe (Bowers) are DENIED, as this individual is not represented by the undersigned.

8.      DENIED as stated. Defendants are without sufficient documentation that Boone delivered lunch to inmates on July 17, 2019; therefore, this is DENIED. By way of further response, Plaintiff verbally refused lunch and refused to move to the back of his cell on July 17, 2019. Further, any references to John Doe (McCord) are DENIED, as this individual is not represented by the undersigned.

9.      DENIED as stated. Defendants are without sufficient documentation that Boone delivered breakfast to inmates on July 18, 2019; therefore, this is DENIED. By way of further response, Plaintiff verbally refused breakfast and refused to move to the back of his cell on July 18, 2019.  Further, any references to John Doe (McCord) are DENIED, as this individual is not represented by the undersigned.

10.     DENIED as stated. Defendants are without sufficient documentation that Boone and Fisher administered lunch to inmates on July 18, 2019. By way of

further response, Plaintiff verbally refused lunch and refused to move to the back of his cell.  Further, any references to John Doe (McCord) are DENIED, as this individual is not represented by the undersigned.

11.   DENIED as stated. Defendants are without sufficient documentation that Boone and Miller administered breakfast to inmates on July 19, 2019. By way of further response, Plaintiff verbally refused his breakfast and stated that that he did not want breakfast. Further, any references to John Doe (McCord) are DENIED, as this individual is not represented by the undersigned.

12.   ADMITTED in part and DENIED in part.  It is ADMITTED only that Boone administered lunch to inmates on July 19, 2019. Defendants are without sufficient documentation that Miller administered lunch to inmates on July 19, 2019 and therefore, the remainder of the averment is DENIED. By way of further response, Plaintiff did not get out of bed to receive lunch on July 19, 2019. Further, any references to John Doe (McCord) are DENIED, as this individual is not represented by the undersigned.

13.   DENIED as stated. Defendants are without sufficient documentation that Miller and Fisher administered breakfast to inmates on July 20, 2019. By way of further response, Plaintiff refused to move to the back of his cell for breakfast and told staff "fuck you" on July 20, 2019. Further, any references to John Doe (McCord) are DENIED, as this individual is not represented by the undersigned.

14.     DENIED as stated. Defendants are without sufficient documentation that Miller and Fisher administered lunch to inmates on July 20, 2019. By way of further response, Plaintiff refused to get out of bed for lunch. Further, any references to John Doe are DENIED, as this individual is not represented by the undersigned.

15.     DENIED. By way of further response, Defendants are without sufficient documentation to either admit or deny when Plaintiff received cell property on July 20, 2019 and therefore, any averments are DENIED.

16.     ADMITTED in part; DENIED in part.  It is ADMITTED only that Miller administered breakfast to inmates on July 21, 2019. The remainder of the paragraph is DENIED. By way of further response, Plaintiff refused to get out of bed for breakfast on July 21, 2019.  Further, any references to John Doe (McCord) are DENIED, as this individual is not represented by the undersigned.

17.     ADMITTED in part and DENIED in part.  It is ADMITTED only that Miller administered lunch to inmates on July 21, 2019. The remainder of the paragraph is DENIED. By way of further response, Plaintiff refused to get out of bed for lunch on July 21, 2019.

18.     ADMITTED in part; DENIED in part.  It is ADMITTED that Boone administered breakfast to inmates on July 22, 2019.   The remainder of the

paragraph is DENIED. By way of further response, Plaintiff refused to move to the back of his cell in order to receive breakfast.

19.    ADMITTED in part; DENIED in part. It is ADMITTED that Lieutenant Luzier spoke with Plaintiff on July 22, 2019.  The remainder of the paragraph is DENIED.

20.    ADMITTED in part; DENIED in part.  It is ADMITTED only that Lieutenant Luzier interviewed Plaintiff on July 22, 2019. The remainder of the paragraph is DENIED.

21.    DENIED.

22.    DENIED. By way of further response, there is no record of what Lieutenant Luzier or Plaintiff said during the interview.

23.    ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff wrote out a statement, containing his allegations of abuse, and gave it to Lieutenant Luzier. The remainder of the paragraph is DENIED.

24.    DENIED.

25.    ADMITTED in part; DENIED in part. It is ADMITTED that Boone administered lunch to inmates on July 22, 2019. The remainder of the paragraph is DENIED. By way of further response, Plaintiff refused to move to the back of his cell for lunch.

26.    DENIED. Defendants are without sufficient documentation to admit or deny the averments and therefore it is DENIED.

27.    ADMITTED.

28.    DENIED. Defendants are without sufficient information to admit or deny the averment and therefore, it is DENIED.

29.    ADMITTED in part; DENIED in part. It is ADMITTED that on August 15, 2019, Boone issued a misconduct regarding Plaintiff's refusals to come to his cell door to be handcuffed and to accept a cell mate. The remainder of the paragraph is DENIED.

30.    This paragraph references a party not represented by the undersigned and therefore, any averment is DENIED.

31.    This paragraph references a party not represented by the undersigned and therefore, any averment is DENIED.

32.    DENIED as stated. Bu way of further response, Plaintiff verbally refused lunch and threatened staff on August 15, 2019.

33.    ADMITTED that the individuals who are the subject of a grievance may be questioned by the person investigating and responding, depending on the type of grievance.

34.     This paragraph references a party not represented by the undersigned and therefore, any averment is DENIED.

35.     DENIED. Further, any factual averments regarding John Doe (McCord) are DENIED as this individual is not represented by the undersigned.

36.     DENIED as stated. Defendants are without sufficient documentation that Boone administered breakfast to inmates on August 16, 2019. By way of further response, Plaintiff verbally refused breakfast and threatened staff. Further, any factual averment regarding John Doe (McCord) is DENIED as this individual is not represented by the undersigned.

37.     ADMITTED in part; DENIED in part. It is ADMITTED that there are cameras documenting events inside of the prison. The remainder of the paragraph is DENIED. By way of further response, Defendants are without sufficient knowledge or documentation that any video of the events contained within the Complaint exist or that Plaintiff requested video to be preserved.

38.     ADMITTED in part; DENIED in part. It is ADMITTED that Plaintiff filed grievances.   The remainder of the paragraph is DENIED. Further, any factual averments made regarding John Doe (McCord) are DENIED as this individual is not represented by the undersigned.

39.    ADMITTED in part and DENIED in part.  It is ADMITTED that Plaintiff submitted two affidavits from two prison inmates, Allen Branthafer, EZ8140, and Rasaun Harris, NR0510, who allegedly witnessed the events surrounding these issues to the Court.  *See* Plaintiff's October 6, 2020 Letter to the Court.  Any other factual averments made either in this paragraph or within the submitted affidavits are DENIED.

40.    DENIED. Further, any averments regarding John Doe (McCord) and John Doe (Bowers) are DENIED as these individuals are not represented by the undersigned.

41.    DENIED.

## IV.    <u>DENIAL OF DUE PROCESS</u>

42.    ADMITTED.

43.    ADMITTED.

44.    ADMITTED.

45.    DENIED as stated. By way of further response, Walter was told by Officer Weller that no video was available.

46.    ADMITTED in part; DENIED in part. It is ADMITTED that Walter held a disciplinary hearing for Plaintiff on August 21, 2019. The remainder of the paragraph is DENIED.

47.     ADMITTED in part; DENIED in part. It is ADMITTED that Walter indicated that there was no video evidence of the alleged events available. The remainder of the paragraph is DENIED.

48.     ADMITTED in part; DENIED in part. It is ADMITTED that Walter found Plaintiff guilty, as a preponderance of the evidence existed to support the charges against Plaintiff, and Plaintiff received 60 days of disciplinary custody. The remainder of the paragraph is DENIED.

49.     This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, any factual averments are DENIED.

50.     This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, any factual averments are DENIED.

51.     DENIED.

## V.    CRUEL AND UNUSUAL PUNISHMENT

52.     DENIED.

53.     This paragraph references an individual who is not a party to this lawsuit and not represented by the undersigned and therefore, no response is required. To the extent a response is required, any factual averments are DENIED.

54.     This paragraph references an individual who is not a party to this lawsuit and not represented by the undersigned and therefore, no response is required. To the extent a response is required, any factual averments are DENIED.

55.     This paragraph references an individual who is not a party to this lawsuit and not represented by the undersigned and therefore, no response is required. To the extent a response is required, any factual averments are DENIED.

56.     This paragraph references an individual who is not a party to this lawsuit and not represented by the undersigned and contains a conclusion of law to which no response is required. To the extent a response is required, any factual averments are DENIED.

57.     ADMITTED.

58.     ADMITTED.

59.     This paragraph is a conclusion of law in which no response is required. To the extent a response is required, any factual averments are DENIED.

## VI.  **MEDICAL**

60.     DENIED.

61.     DENIED. By way of further response, Plaintiff does not identify the four month period in which he refers.

62.     DENIED.

63.     DENIED.

64.     ADMITTED in part; DENIED in part. It is ADMITTED that Plaintiff filed a grievance regarding health care issues. The reaminder of the paragraph is DENIED.

65.     DENIED.

## VII.  EXHAUSTION OF REMEDIES

66.     ADMITTED in part; DENIED in part. It is ADMITTED that Plaintiff filed grievance number 814804 on July 30, 2019.  The remainder of the paragraph is DENIED. Further, any averments made regarding John Doe (McCord) and John Doe (Bowers) are DENIED as these parties are not represented by the undersigned.

67.     ADMITTED in part; DENIED in part. It is ADMITTED that Plaintiff filed grievance number 820700 on August 29, 2019 and grievance number 814804 on July 30, 2019. The remainder of the paragraph is DENIED.

68.     ADMITTED.

69.     This paragraph references an individual who is not a party to this lawsuit and not represented by the undersigned and therefore, no response is required. To the extent a response is required, it is ADMITTED that Plaintiff filed

grievance number 874161 in regards to food issues on June 23, 2020 and the remainder of the paragraph is DENIED.

## VIII. <u>CLAIMS FOR RELIEF</u>

70.    This paragraph contains legal conclusions to which no response is required.  To the extent that any factual averments are made, they are DENIED.

71.    This paragraph contains legal conclusions to which no response is required.  To the extent that any factual averments are made, they are DENIED.

72.    This paragraph contains legal conclusions to which no response is required.  To the extent that any factual averments are made, they are DENIED.

73.    This paragraph contains legal conclusions to which no response is required.  To the extent that any factual averments are made, they are DENIED.

## IX.    <u>RELIEF REQUESTED</u>

This is a wherefore clause to which no response is required.

### a.  **Declaratory Judgment**

1.    This paragraph contains a request for relief and legal conclusions; therefore, no response is required.

2.    This paragraph contains a request for relief and legal conclusions; therefore, no response is required.

3.     This paragraph contains a request for relief and legal conclusions; therefore, no response is required.

4.     This paragraph contains a request for relief and legal conclusions; therefore, no response is required.

**b.  Injunction to Weaver and Agents**

1.     This paragraph contains a request for relief; therefore, no response is required.

**c.  Injunction to Walter and Agents**

1.     This paragraph contains a request for relief; therefore, no response is required.

**d.  Compensatory Damages**

1.     This paragraph contains a request for relief and conclusions of law; therefore, no response is required.

2.     This paragraph contains a request for relief and conclusions of law; therefore, no response is required.

3.     This paragraph contains a request for relief and conclusions of law; therefore, no response is required.

**e.  Punitive Damages**

This paragraph contains a request for relief; therefore, no response is required.

## AFFIRMATIVE DEFENSES

In addition to the DENIALS asserted above, Defendants assert the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' are immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred based on lack of personal involvement.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust available administrative remedies regarding one or more of his claims required by the Prisoner Litigation Reform Act of 1995.

## FIFTH AFFIRMATIVE DEFENSE

At no time have Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges, or immunities secured by him to the Constitution or laws of the United States.

## SIXTH AFFIRMATIVE DEFENSE

Defendants had legitimate penological reasons for all decisions made and actions taken.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the damages he seeks.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have not acted with deliberate, intentional, or reckless indifference toward Plaintiff or his conditions of confinement.

Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**


By:   *s/ Allison L. Deibert*
        **ALLISON L. DEIBERT**

**Office of Attorney General**　　　　　**Deputy Attorney General**
**15th Floor, Strawberry Square**　　**Attorney ID 309224**
**Harrisburg, PA 17120**
**Phone: (717) 705-2532**　　　　　　**KAREN M. ROMANO**
　　　　　　　　　　　　　　　　**Chief Deputy Attorney General**
**adeibert@attorneygeneral.gov**　　**Civil Litigation Section**

**Date:  November 30, 2020**　　　　**Counsel for Defendants Walter, Fisher,**
　　　　　　　　　　　　　　　　**Boone and Miller**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **MALIK DERRICK LOPER,** | : | |
| **Plaintiff** | : | **No.  3:20-CV-1482** |
| | : | |
| **v.** | : | |
| | : | **Judge Mannion** |
| **Z.W. BOONE, Z. MILLER, C.** | : | **Electronically Filed Document** |
| **FISHER, JOHN DOE, JOHN DOE** | : | |
| *and* **T. WALTER,** | : | *Complaint Filed 08/21/20* |
| **Defendants** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Allison L. Deibert, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 30, 2020, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer and Affirmative Defenses to the Plaintiff via hand delivery through the Department of Corrections. This alternative method of service is due to COVID-19.

**Malik Derrick Loper, NQ-5040**
**SCI Rockview**
*Pro Se Plaintiff*

　*s/ Allison L. Deibert*　　　　
**ALLISON L. DEIBERT**
Deputy Attorney General