UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MALIK DERRICK LOPER,             :

       Plaintiff            :       CIVIL ACTION NO. 3:20-1482

      v.                            :              (JUDGE MANNION)

Z.W. BOONE, *et al.*,              :

      Defendants            :

## MEMORANDUM

### I. Background

Malik Derrick Loper, an inmate presently confined in the Pine Grove State Correctional Institution, Indiana, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc.1). He complains of events which occurred at his prior place of confinement, SCI-Rockview. Id. The named Defendants are the following SCI-Rockview employees: Food Services Manager J. Weaver[1], Hearing Examiner T. Walter, and Correctional Officers Z.W. Boone, Z. Miller, C. Fisher and two John Doe Defendants. Id.

---

[1] Although listed as a Defendant in Plaintiff's complaint, this Defendant was never served with the complaint. (See Doc 10, Waiver of Service Forms). In light of Plaintiff's otherwise failure to prosecute this case and the Court's disposition herein, the Court need not address service of this Defendant, who will also be dismissed.

Plaintiff seeks compensatory and punitive damages for alleged First, Eighth and Fourteenth Amendment violations. Id.

On November 30, 2020, Defendants filed an answer to the complaint. (Doc. 16). On July 1, 2021, Defendants filed a motion for summary judgment along with supporting brief and statement of facts. (Docs. 25-27). By Order dated November 15, 2021, this Court directed Plaintiff to, on or before November 30, 2021, file a brief in opposition to Defendants' motion for summary judgment and to file, on or before, December 3, 2021, a separate and concise statement of material facts. (Doc. 28). The Order warned Plaintiff that failure to oppose the motion would result in the motion being granted as unopposed. Id. No such filing was made.

On November 30, 2021, this Court's November 15, 2021 Order was returned as undeliverable. (Doc. 29). A check of www.vinelink.com by the office of the clerk of court, revealed that Plaintiff was now located in SCI-Pine Grove and not SCI-Rockview, where the Court's Order was mailed. Id. Thus, on December 6, 2021, the clerk of court remailed this Court's November 15, 2021 Order to Plaintiff at his current location. However, to date, there has been no communication from Plaintiff. The record reveals that the last communication from this Plaintiff was a February 11, 2021 letter requesting the status of service of the complaint. (Doc. 20).

For the reasons set forth below, the Court concludes that Plaintiff has abandoned the above captioned action and will dismiss the action for failure to prosecute and failure to comply with a Court Order.

## II. Discussion

District courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute and for failure to comply with a court order. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (finding the failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis); Azubuko v. Bell National Organization, 243 F. App'x. 728, 729 (3d Cir. 2007) (recognizing that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)".

In Poulis, the United States Court of Appeals for the Third Circuit set forth the following six factors that should be considered before dismissing an action for failure to prosecute: (1) the extent of the party's personal

responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

First, there is no doubt that Loper, as a *pro se* litigant, has the ultimate and sole responsibility to prosecute his claim and to comport with court orders. See Hoxworth v. Blinder Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). Loper initiated the action on August 19, 2020 and has not communicated with the Court in any manner since February 11, 2021. Plaintiff has failed to abide by Court Orders and neglected to prosecute this case. Specifically, Plaintiff failed to respond to Defendants' motion for summary judgment, despite being directed to do so by the Court. As such, the first factor weighs in favor of dismissal.

The second Poulis factor, the prejudice to Defendants caused by Plaintiff's failure to respond to Defendants' motion, also weighs in favor of dismissal. A finding of prejudice does not require "irremediable harm."

Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Plaintiff's failure to litigate this case by responding to Defendants' motion for summary judgment, and failure to comply with this Court's order and court rules requiring him to do so, frustrates and delays the resolution of this matter. This failure can be seen to prejudice Defendants, who seek a timely resolution of this case. See e.g., Parks v. Argueta, 1:15-CV-1514, 2016 WL 7856413 at *4 (M.D. Pa. Dec. 5, 2016) (dismissing case where a *pro se* litigant failed to respond to a pending motion for summary judgment).

    Third, Loper has established a history of dilatoriness through his failure to communicate with the Court and to comply with a Court Order. As noted *supra*, Loper has not communicated with the Court since the filing of his February 11, 2021 letter of inquiry. Plaintiff has failed to respond to Defendants' motion for summary judgment, has not complied with the Local Rule requiring him to respond, and has not complied with this Court's Order directing him to respond. The Court finds that Loper has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008). See also

Naslanic v. Gula, 3:15-CV-2208 2018 WL 1886526 at *4 (M.D. Pa. Mar. 29, 2018) (finding that a *pro se* litigant's failure to abide by the local rules requiring a response to a summary judgment motion, and failure to abide by court order directing him to respond amounted to a history of dilatoriness) *report and recommendation adopted by* 2018 WL 1886493 (M.D. Pa. Apr. 19, 2018).

As concerns the Fourth factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. Here, Plaintiff has violated the local rules, and has failed to comply with a Court Order directing him to take specific action in this case, the Court is compelled to conclude that Plaintiff's actions were not negligent, but instead reflect an intentional disregard for the Court's local rules and its order. See e.g., Naslanic, 2018 WL 1886526 at *4 (finding that a *pro se* Plaintiff's failure to comply with instructions directing him to take specific actions reflects an intentional disregard for those instructions).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. Given Loper's *pro se* prisoner status, the Court concludes that he is indigent and, thus, alternative monetary sanctions would not be effective. See Briscoe, 538 F.3d at 263. Moreover, Plaintiff's failure to comply with this Court's Order directing him to

respond to Defendants' motion for summary judgment leads to an inference that further orders would not be effective. Therefore, no other sanction would be effective.

Finally, under Poulis the Court is cautioned to consider the meritoriousness of Plaintiff's claims. However, it is this Court's view that consideration of this factor cannot save this particular Plaintiff's claims since he is now wholly non-compliant with his obligations as a litigant. Furthermore, it is well-settled that no single Poulis factor is dispositive, Ware, 322 F.3d at 222, and, as noted above, not all of the factors need be satisfied in order to dismiss a complaint. Mindek, 964 F.2d at 1373. As such, the untested merits of Plaintiff's claims, standing alone, cannot prevent imposition of sanctions. Thus, the scale tips heavily in favor of dismissal of the action.

### III. Conclusion

Based on the above, Loper's action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court order.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 16, 2022**
20-1482-01